United State District Court
Eastern District of New York
--------------------------------*
```
                                 *
Roger Stroud: Plaintiff          *           Verified
                                 *           Civil Rights Act
       -Against-                 *           42 U.S.C. § 1983,
                                 *           18 U.S.C.S. § 242
Emil Doane                       *
The City Of New York             *
Kristen Schafer # 7860           *           Jury Trial Demanded
Sgt. Chisolm Mauric #            *           First Ammended
Wayne N Alleyne A.D.A            *           Complaint
Eastern District                 *
Sued in their individual         *
and official Capacities          *
       Defendants                *   Civil Docket Case #1:10-CV-03776-SLT-RML
```
--------------------------------*

## Preliminary Statement

This is a civil rights action filed by Roger Stroud, a detainee, for damages and injunctive relief under 42 U.S.C § 1983, and 18 U.S.C.S. § 242. Alleging breach of duty, failure to follow established rules and regulations,( Rosters V Marshall) ( US use of Rogers V Conklyn ) 1 wall CUS) 644, 17 L Ed. 714) and Laws, Negligence, deliberate or **in**difference, Bailey V New York, 3 Hill (NY) 531, 38 Am Dec 669, affirmed in 2 Denio 433. Malicious Prosecution (Montgomery V. State 55 Fla. 97, 45 50. 879) and racial Profiling, in Violation of 1st, 4th, 5th, 8th, 14th, and 15th Amendments to the United State/Constitution; civil Rights Laws, Article 2 § 8; Article 4 § 40-C. Plaintiff also alleges the tort of Negligence and of Intent, respectively with reguards to various parties named here in.

## Jurisdiction

1. The court has jurisdiction over the plaintiff's claim of violation of federal constitution rights under 42 U.S.C. § 1983, 1331 (a) 1343, and under 18 USCS § 242.

2. The court has supplemental jurisdiction over Plaintiff's State law tort 28 U.S.C. § 1367.

## Parties

1. The plaintiff Roger Stroud was at liberty under successful trade as a computer helpdesk tech at the onset of the events described and later detained at O.B.C.C. 1600 Hazen st, and remains as such at present.
2. Defendant-Emil Doane, resides at 70 linden Blvd Basement Apt.
3. Defendant-City of New York is a municipal corporation and must adhere to the mandates set forth by and exist by New York.
4. Defendant-Kristen Schafer, Sheild # 7860 is a police officer employed by the New York City police Department 70th precinct.
5. Defendant-Sgt. Chisolm Mavric #? is also a police officer employed by New York City police department, 70th precinct.
6. Defendant-Wayne N. Alleyne, A.D.A of the office of the District Attorney of Eastern District.



RECEIVED DEC 0 2 2010 PRO SE OFFICE

Plaintiff- <u>Roger Stroud</u> makes this <u>complaint</u>:   First Ammended Complaint

1. On October 7th, 2009, at 70 linden Blvd, Brookyln NY, 11226 plaintiff sustained life threatened injuries to his head and anatomical areas, all done with a Claw hammer.

2. Plaintiff was attacked by an individual known as <u>Emil Doane</u> at 70 Linden Blvd, Brookyln NY, 11226

3. Plaintiff was also robbed by <u>Emil Doane</u> whose evil actions amounted to kidnapping and attempted murder, all felonies and are punishisable by more than 1 year imprisonment.

4. Police officer <u>Kristen Schafer</u> shield # 7860 of the 70th precinct. Arrived at the scene while plaintiff remained tied up from the back by his hands and feet * laying on the floor bleeding profusely * from his head and face.

5. The officer was told that plaintiff was violently attacked by <u>Emil Doane</u>.

6. plaintiff was arrested, <u>Emil Doane</u> was not, although sufficient evidence existed that (he) plaintiff was brutalised by <u>Emil Doane</u>.

7. Upon information and belief <u>Doane</u> has significant family relationship/ Frienship at the 70th precinct and have relied on that component to allow the false imprisonment and sustained malicious prosecution of the plaintiff under 18 USCS § 242 this conduct is prohibited.

8. Plaintiff spent some 11 days Hospitalized at Kings county Hospital in Brooklyn NY.

9. During that time he was in the custody of the county of Kings and was denied due process of law as is Required under the provisions of law and the U.S. Constitution, plaintiff had No bed side arrangement any arrangement in criminal court of the county of kings.

10. Plaintiff was indicted by a common practice of Kings county Defendant (A.D.A) Wayne N Alleyne prosecutors and Attorney to Unlawfully waive the rights of black defendants to testify before a Grand Jury. A right that is prescribed in both the federal and New York State constitution.

11. Defendant Prosecutor (A.D.A) Wayne N Alleyne, conducted while performing his/her judiscal duties and personally performed the physical acts constituting a crime/violation that are against the U.S. Constitution.

12. Working definition of crime considers three element that occurs, 1.mental state(mens rea) 2.physical act (compponent of actus reus) 3.social harm (another component of actus reus) This working definition will be utilized when examaning the legal requirements of the crime Wayne N Alleyne, A.D.A., prosecutor committed while performing his/her judiscal duties.

13. While prosecuting the plaintiff, Defendant Wayne N Alleyne A.D.A. Served plaintiff's Attorney with an Indictment knowing that plaintiff was hospitalized and received No bed side arraignment, No criminal arragement or the oppourtunity to tesity before a grand jury. Plaintiff didn't waive his right to tesity before a Grand jury.

14. Any person who under the color of law willfully subject any person to the deprivation of any rights, privileges, or immunities secured or protected by the (United State) Constitution...or to differant punishments, ... act 18 USCS § 242 State this and prosecutor, A.D.A. Wayne N Alleyne deprivied plaintiff of his right to liberty.

15. If prosecutor, A.D.A Wayne N Alleyne was given the power by law to support the act that violates provision 18 USCS § 242, please provide supportive document/ Laws.

16. Overly nebulous vagraney statutes invite prosecutor A.D.A. Wayne N Alleyne to harass/punish this plaintiff, because the plaintiff, lifestyle offense him.

17. If EX post facto laws exist that allows prosecutor A.D.A. Wayne N Alleyne to believe that his actions dosen't violate the provision of the U.S. Constitution, please provide them.

18. Here in this complaint, states the working definition of a crime must have three elements that occurs. Prosecutor, A.D.A. Wayne N Alleyne actions while prosecuting the plaintiff has all three. The physical act- using the Indictment legalistic such as the word stutues, CPL (words or codes) to be one and the same. CPL'S are not stutues.

19. Defendant A.D.A. (prosecutor) Wayne N Alleyne Know that CPL codes legalistic are not stutues, but his/her prosecuting tactics say other wise. This is miss leading the plaintiff to believe that CPL codes are stutues enacted and adopted by legislature.

20. Social harm the second element- The A.D.A. Wayne N Alleyne knowingly acts to Incriminate the U.S.A. citizens in to a penal system for long periods of time.

21. Mental State- A.D.A. ( prosecutor) Wayne N Alleyne knowingly with the intent to deprive U.S. citizens of the rights to liberty which is their U.S. constitutional right.

22. Plaintiff continues to suffer from Lawless actions of the "officer(s) and the Malicious and selective prosecution of A.D.A. Wayne N Alleyne.

23. Plaintiff will contest the CPL codes/ legalistics charges placed on him by the Indictment from A.D.A. Wayne N Alleyne given to plaintiff's Attorney, by fling a complaint under 28 USCS § 2403, or raise the claim of constitutional violations under kugler V heltant 421 U.S. 117, 124 (1975) See also Schlager V Phillips 166 F. 3d 439 (2d Cir 1999)

Defendant Wayne N Alleyne Although A.D.A. is not ignorant to the law of the State or City. A.D.A. can't state that he/she made a mistake of the law as a defense, because of the means raus show's her/his intent, that she/he knew what he/she were doing, and did so purposfully.

## Conclusion

Plaintiff has suffered and continue to do so because of the corrupt conduct of officer Kristen Schefer # 7860 then through official mechanism filed a fraudulent complaint with the court, and with the corrupt conduct of A.D.A. wayne N Alleyne maliciously and intentively prosecuted plaintiff within the Eastern District of New York.

## Relief Sought

Plaintiff seeks the follow for compensation of his constitutional Injuries:
1. Damages     $35 Million
2. Punitive    $10 Million
3. Pain and suffering $15 Million
4. Malicious Prosecution $ 10 Million
5. Liberty