UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-----------------------------------------------------------------x
ROGER STROUD,

                                      Plaintiff,

-against-

EMIL DOANE; The City of New York;
KRISTEN SCHAFER #7860; SGT.
CHISOLM MAURIC; WAYNE N.
ALLEYNE, A.D.A., sued in their individual
and official capacities,

                                        Defendants.
-----------------------------------------------------------------x

**MEMORANDUM AND ORDER**

10-CV-3776 (SLT)(RML)

**TOWNES, United States District Judge:**

      Plaintiff Roger Stroud, who currently is incarcerated at the Otis Bantum Correctional Center on Rikers Island, commenced this pro se action pursuant to 42 U.S.C. § 1983 against Police Officer Kristen Schafer and certain municipal entities. By Memorandum and Order ("M&O") dated September 8, 2010, the Court dismissed the complaint against the City of New York and its agencies, and allowed the claim to proceed only against defendant Officer Schafer. Thereafter, plaintiff filed an amended complaint ("AC"),[1] naming Officer Schafer, Sgt. Chisolm Mavric, assistant district attorney Wayne N. Alleyne, Emil Doane, and the City of New York as defendants, under 42 U.S.C. § 1983 and § 18 U.S.C. § 242. Plaintiff "also alleges the tort of Negligence and of Intent . . . with [regards] to various parties named here[in]." (AC). No answer has yet been filed, due to multiple extensions. (See Docket Nos. 12, 13). For the reasons set forth below, the Court dismisses the amended complaint as to all of the named defendants except for Officer Schafer.

---

[1]     The same amended complaint was filed twice. (See Docket Nos. 10, 11).

## BACKGROUND

In his amended complaint, plaintiff alleges that on October 7, 2009, he was attacked and robbed by Emil Doane at 70 Linden Boulevard in Brooklyn, New York. (AC at 2 ¶¶ 2-3). Plaintiff claims that, as a result of the attack, he "sustained life threaten[ing] injuries to his head and anatomical areas, all done with a Claw hammer" and spent eleven days in the hospital. (Id. ¶¶ 1, 8). Plaintiff alleges that when Officer Schafer arrived at the scene and plaintiff told her of the attack, only plaintiff was arrested. (Id. ¶¶ 4-6). Plaintiff also claims that assistant district attorney Wayne N. Alleyne engaged in unlawful acts related to Plaintiff's prosecution. (Id. ¶¶ 10-23). The amended complaint includes no factual allegations against Sgt. Mavric. Additionally, Plaintiff re-names the City of New York as a defendant, despite that party's prior dismissal.

## STANDARD OF REVIEW

As plaintiff is proceeding pro se, his complaint is held to less stringent standards than pleadings drafted by lawyers. Erickson v. Pardus, 551 U.S. 89, 94 (2007). The Court is obliged to construe his pleadings liberally and "interpret them to raise the strongest arguments that they suggest." Pabon v. Wright, 459 F.3d 241, 248 (2d Cir. 2006). Nevertheless, § 1915A requires this Court to screen a civil complaint "in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity," and thereafter "dismiss the complaint, or any portion of the complaint," if it is "frivolous, malicious, or fails to state a claim upon which relief may be granted." 28 U.S.C. § 1915A(a) & (b)(1). See Abbas v. Dixon, 480 F.3d 636, 639 (2d Cir. 2007) (discussing sua sponte standard pursuant to § 1915A).

## DISCUSSION

First, liberally construing plaintiff's allegations as a false arrest and/or malicious prosecution claim, there is still no basis for plaintiff to name the City of New York as a defendant in this case because he has not alleged that "the violation of his constitutional rights resulted from a municipal custom or policy." Vann v. City of New York, 72 F.3d 1040, 1049 (2d Cir. 1995) (citing Monell v. New York City Dep't of Social Servs., 436 U.S. 658, 694 (1978)). As noted in the Court's prior M&O, "a municipality cannot be held liable solely because it employs a tortfeasor." Monell, 436 U.S. at 691 (emphasis in original).

Second, the amended complaint is dismissed against defendant Sgt. Mavric. As a prerequisite to a damage award under § 1983, a plaintiff must allege the defendant's direct or personal involvement in the alleged constitutional deprivation. Farrell v. Burke, 449 F.3d 470, 484 (2d Cir. 2006) (quoting Wright v. Smith, 21 F.3d 496, 501 (2d Cir. 1994)). Here, plaintiff fails to allege any facts demonstrating that Sgt. Mavric had any direct involvement with, knowledge of, or responsibility for the alleged deprivation of plaintiff's civil rights. Indeed, the facts section of the pleading lacks a single reference to Sgt. Mavric.

Third, the amended complaint is dismissed against defendant Alleyne, the assistant district attorney in plaintiff's pending criminal case. It is well-settled that "a state prosecuting attorney who acted within the scope of his duties in initiating and pursuing a criminal prosecution . . . is immune from a civil suit for damages under § 1983." Shmueli v. City of New York, 424 F.3d 231, 236 (2d Cir. 2005) (quoting Imbler v. Pachtman, 424 U.S. 409, 431, 410 (1976)). All of the facts alleged in the amended complaint against ADA Alleyne concern quintessential prosecutorial functions, which fall squarely within the scope of absolute immunity.

Fourth, the amended complaint is dismissed against defendant Doane. A claim for relief under § 1983 must allege facts showing that the defendant acted under color of a state "statute, ordinance, regulation, custom or usage," 42 U.S.C. § 1983. Indeed, the statute "constrains only state conduct, not the "'acts of private persons or entities.'" Hooda v. Brookhaven Nat. Laboratory, 659 F. Supp. 2d 382, 393 (E.D.N.Y. 2009) (quoting Rendell-Baker v. Kohn, 457 U.S. 830, 837 (1982)). Even according the amended complaint a liberal reading, it must be dismissed against Doane because it fails to state a claim on which relief may be granted. 28 U.S.C. § 1915(e)(2)(B)(ii).

Fifth, the amended complaint is dismissed as to any claims arising under 18 U.S.C. § 242 because "crimes are prosecuted by the government, not by private parties" and, accordingly, "there is no private right of action under [§] 242." Hill v. Didio, 191 Fed. Appx. 13, 14 (2d Cir. 2006) (citing Robinson v. Overseas Military Sales Corp., 21 F.3d 502, 511 (2d Cir. 1994)).

## CONCLUSION

For the reasons discussed above, the amended complaint is dismissed against the City of New York, Sgt. Chisolm Mavric, ADA Wayne N. Alleyne, and Emil Doane for failure to state a claim and/or because plaintiff seeks monetary relief from a defendant who is immune from such relief, pursuant to 28 U.S.C. §§ 1915A(b) and 1915(e)(2)(B). No summons shall issue as to these defendants and they are not required to answer the amended complaint. The claims arising under 18 U.S.C. § 242 are also dismissed. However, the remaining claims in the amended complaint shall proceed as to defendant Kristen Schafer, Shield #7860 of the 70th Police Precinct, who has already been served.

The Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal would not be taken in good faith and, therefore, in forma pauperis status is denied for the purpose of any appeal. Coppedge v. United States, 369 U.S. 438, 444-45 (1962).

**SO ORDERED.**

/S/
_____
SANDRA L. TOWNES
United States District Judge

Dated: March 7, 2011
Brooklyn, New York

5